Robert Tauler (CA SBN 241964)
*pro hac vice forthcoming*
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927
Email: rtauler@taulersmith.com

Daniel L. Miranda (SB No. 021938)
MIRANDA LAW FIRM
633 E. Ray Road, Suite 106
Gilbert, AZ 85296
Tel:  (480) 719-8482
Fax:  (480) 719-8481
Email: dan@mirandalawpc.com

*Attorneys for Plaintiff*
*Nutrition Distribution, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **NUTRITION DISTRIBUTION, LLC**, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**DYNAMIC TECHNICAL FORMULATIONS, LLC**, a Georgia limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 43 (a)(1)(B))**<br><br>**[DEMAND FOR A JURY TRIAL]** |

1

Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendants Dynamic Technical Formulations, LLC, a Georgia limited liability company, ("Dynamic Technical Formulations" or "Defendant"), and in support thereof, avers as follows:

## INTRODUCTION

1. This is a civil action arising out of Dynamic Technical Formulations' false and misleading advertising with respect to several products on its website, https://www.dtformulations.com, and various other on-line retail marketplaces (collectively, the "Websites"). For example and without limitation, Dynamic Technical Formulations is unlawfully advertising, marketing, distributing and offering for sale Selective Androgen Receptor Modulators ("SARMs") such as, Andarine (also known as S-4), GW 501516 and Ostarine (also known as MK-2866) (collectively, the "SARMs Products"). SARMs, like the SARMs Products, are synthetic drugs intended to have effects similar to those of illegal anabolic steroids.

2. On the Websites and through other promotional materials, Dynamic Technical Formulations touts the purported health and physical benefits of its SARMs Products. For example and without limitation, Defendant represents to consumers on the product label that the SARMS Product, Tri-Ton, is a "Physique Enhancing Agent." In addition, on social media advertisements for Tri-Ton, the product is claimed to be "great for fat loss, strength and recomposition." Generally, Defendant specifically markets its various SARMs Products as "dietary supplements" to body builders, gym users, fitness enthusiasts and athletes, promising these consumers purported benefits without any of the negative side effects of anabolic steroids.

3. However, SARMs Products are not safe for human consumption. Indeed, medical experts have opined that products containing SARMs "have ***many recognized potential serious side effects***, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, clinical trials regarding the SARM Cardarine were abandoned by GlaxoSmithKline in 2007 because animal testing showed that the drug ***caused cancer to develop rapidly in several organs***. Also, while currently the subject of phase II clinical trials, medical experts have emphasized that there is "***no evidence that Ostarine is safe for humans to consume***." Thus generally, medical experts have concluded that the sale of products containing SARMs, such as the Defendant's SARMs Products, are "***highly dangerous to public safety***." (Emphasis added throughout this paragraph.)

4. Defendant knew or should have known, that its SARMs Products are not recognized as safe and effective for any of the uses suggested by it and therefore Defendant has knowingly and materially participated in a false and misleading advertising campaign to promote and sell its products containing SARMs. Defendant's continuing false, misleading, illegal and deceptive practices have violated the Lanham Act and have unjustly enriched Defendant at the expense of Plaintiff, and have caused Plaintiff extensive and irreparable harm, including but not limited to, loss of revenue, disparagement and loss of goodwill.

5. Among other things, this action seeks to enjoin Defendant from the marketing and sale of any and all products containing, Andarine, GW 501516 and Ostarine and/or any other SARMs, as Defendant is illegally and falsely manufacturing and marketing such products in violation of the Lanham Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

7. This Court has personal jurisdiction over Dynamic Technical Formulations because Defendant has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold and advertised its nutritional supplement products in the United States, the State of Arizona and this district, including but not limited to, the SARMs Products and/or other products containing SARMs. Defendant has purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district. *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009). Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

9. Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("Plaintiff") is an Arizona limited liability company with its principal place of business at 14215 N. 8th Pl., Phoenix, Arizona, 85022.

10. Defendant Dynamic Technical Formulations, LLC is an Arizona limited liability company, which lists 395 Scenic Highway, Gwinnett, Lawrenceville, Georgia, 30046 as its principal business address.

11. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sued these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

12. The nutritional supplement industry is one of the fastest growing and most lucrative in the United States. A recent Forbes article estimates that nutritional supplement sales accounted for $32 billion in revenue in 2012 and predicts this number to grow to $60 billion within ten years. The growth and size of the nutritional supplement market and the relatively low barriers to entry provide perverse incentives for unfair competition prohibited by the Lanham Act and other illegal activity.

### Plaintiff Nutrition Distribution & "Mass FX Black"

13. Plaintiff is a cutting edge sports supplement manufacturer and marketer. From its inception, Plaintiff was a leader in the nutritional supplement market, specifically for bodybuilding.

14. Plaintiff has products in several categories of body building products, including pre-workouts, muscle-gainers, fat burners and male performance enhancement.

15. Around 2007, Plaintiff began developing a new product in the muscle-gainer sub-market of the nutritional supplement world.

16. After devoting its resources for over a year on product development and testing, Plaintiff introduced "Mass FX Black."

## SARMs and Their Dangers

17. Unlike Mass FX Black, SARMs have been shown by published, pee-reviewed clinical studies to be unsafe for human consumption. However, SARMs Products are not safe for human consumption. Indeed, medical experts have opined that products containing SARMs "have ***many recognized potential serious side effects***, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, clinical trials regarding the SARM Cardarine were abandoned by GlaxoSmithKline in 2007 because animal testing showed that the drug ***caused cancer to develop rapidly in several organs***. Also, while currently the subject of phase II clinical trials, medical experts have emphasized that there is "***no evidence that Ostarine is safe for humans to consume***." Thus generally, medical experts have concluded that the sale of products containing SARMs, such as the Defendant's SARMs Products, are "***highly dangerous to public safety***." (Emphasis added throughout this paragraph.)

18. In addition, SARMS are specifically prohibited for use in sporting events by the World Anti-Doping Agency and the U.S. Anti-Doping Agency.

**Defendant Dynamic Technical Formulations and Its SARMs Products**

19. Defendant is a nutritional supplement company based, on information and belief, in Georgia, who directly competes with Plaintiff in the fitness supplement marketplace.

20. On the Websites and through other promotional materials, Dynamic Technical Formulations touts the numerous purported health and physical benefits of its various SARMs Products. For example and without limitation, Defendant represents to consumers that the SARMS Product, Tri-Ton, is a "Physique Enhancing Agent." In addition, in social media advertisements for Tri-Ton, the product is claimed to be "great for fat loss, strength and recomposition."

Generally, Defendant specifically markets its various SARMs Products as "dietary supplements" to body builders, gym users, fitness enthusiasts and athletes, promising these consumers numerous purported benefits without ever mentioning the potentially severe side effects of these products.

21.  However, in light of the general consensus of the scientific community, it is clear that consumption of products containing SARMs, such as SARMs Products, entails a high risk for dangerous side effects.  Given the ready availability of relevant peer-reviewed clinical studies, it seems unlikely that Defendant did not know all along that its SARMS Products pose such risks.

22.  Defendant's false advertising is harmful to the marketplace for dietary and nutritional supplements, as well as to the health of individual consumers. Defendant has created an illegitimate marketplace of young bodybuilders who will gain muscle at all costs, but who are not informed of the dangers of Defendant's SARMs Products. Users of such products have little incentive to use a natural product like Mass FX Black until they are hurt or the SARMS Products are taken off shelves.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

23.  Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

24.  Defendant has purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of its SARMs Products, by, without limitation, commercially marketing to bodybuilders and competitive athletes and mislabeling such products without mentioning that such products are banned by the World Anti-Doping Agency and the U.S. Anti-Doping Agency, and

there is overwhelming clinical evidence that such products pose extreme health risks.

25. The use of such falsely marketed substances has the tendency to deceive a substantial segment of the public and consumers, including those in this district, into believing that they are purchasing a product with different characteristics.

26. The deception is material because (i) it is likely to influence a consumer's purchasing decision, especially if the consumer is concerned about the health consequences of taking anabolic steroids or chemicals known to pose serious health risks, and (ii) such decision could lead to dangerous and unanticipated health consequences for such consumers.

27. Defendant has introduced its false and misleading statements into interstate commerce via marketing and advertising on various websites and shipment of its products into interstate commerce containing false and misleading advertising.

28. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Dynamic Technical Formulations and the loss of goodwill in Plaintiff's products. Indeed, Dynamic Technical Formulations' conduct is a black eye on the industry as a whole and has the tendency to disparage Plaintiff's products and goodwill.

29. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics and qualities of Defendant's products in violation of Section 43(a)(1)(B) of the Lanham Act.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

# **PRAYER**

Wherefore, Plaintiff Nutrition Distribution, LLC prays for judgment against Defendant as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing and selling any product containing any SARMs, including, without limitation, the SARMs Products;
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;
5. For treble damages in accordance with 15 U.S.C. § 1117;
6. For punitive damages;
7. For costs and attorneys' fees; and
8. Any other relief the Court may deem appropriate.

RESPECTFULLY submitted this 17th day of August, 2017.

                                                MIRANDA LAW FIRM

                                                By:        s/      
                                                        Daniel L. Miranda
                                                        *Attorneys for Plaintiff*
                                                        *Nutrition Distribution, LLC*